UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

LANCE TAYLOR,

                        Plaintiff,                       Case No. 2:16-cv-41

v.                                            Honorable R. Allan Edgar

CATHERINE BAUMAN, et al.,

                        Defendants.

_____/

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Lance Taylor, a prisoner currently confined at the Michigan Reformatory in Ionia, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Catherine Bauman, Prison Counselor K. Prunick, Sergeant Unknown Nayback, Inspector Lyle Rutter, Inspector Jeff Contreras, Corrections Officer Unknown Brennan, Deputy Warden A. Immel, Resident Unit Manager R. Harris, and Corrections Officer Unknown Barrios. During the pertinent time period, Plaintiff was confined at the Alger Maximum Correctional Facility (LMF) and Defendants were all employed at LMF. Plaintiff has filed a request for a temporary restraining order and preliminary injunction, alleging that Defendants have refused to provide him with protection and have retaliated against him for seeking such protection.

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

1.      Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2.      Whether the movant has shown irreparable injury.

3.      Whether the preliminary injunction could harm third parties.

4.      Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641, 643 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

As noted above, all of the Defendants are located at LMF.  The court notes that since the filing of this complaint, Plaintiff has been transferred to the Michigan Reformatory.  A transfer to another prison moots a prisoner's request for declaratory or injunctive relief.  *Preiser v. Newkirk*, 422 U.S. 395, 402-03, 95 S. Ct. 2330, 2335 (1975); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.

1996).  Therefore, Plaintiff's claim for injunctive relief is now moot.  *Preiser*, 422 U.S. at 402-03, 95 S. Ct. at 2335; *Kensu*, 87 F.3d at 175.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary restraining order and preliminary injunction be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: May 31, 2016                                    /s/ TIMOTHY P. GREELEY_____
                                                      TIMOTHY P. GREELEY
                                                      UNITED STATES MAGISTRATE JUDGE